FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 23 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES
DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF GEORGIA
ATLANTA DIVISION

Civil Action No.
1:26-CV-01727-SEG
JURY TRIAL DEMANDED

JOSHUA FRIEDMAN and
HANNAH FRIEDMAN,
          Plaintiffs,

v.

JARROD A. LONG and
STEFANI RIZZI,
          Defendants.

## DEFENDANT JARROD A. LONG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Jarrod A. Long, appearing pro se, hereby answers plaintiffs' Complaint filed March 31, 2026. Each numbered paragraph below corresponds to the same numbered paragraph of the Complaint. Any allegation of the Complaint not expressly admitted herein is denied. This civil action arises out of a highly contested custody dispute regarding the minor child in Cherokee County Superior Court Case No. 24CVE0811. That court has granted the defendant, Jarrod A. Long, primary physical custody of the minor child, which is the subject matter of this civil suit. *See Exhibit 1.*

1

The only two cases involving Plaintiff Hannah Friedman and Defendant Jarrod A. Long are the ongoing custody case and a closed misdemeanor criminal case (Jarrod A. Long pled First Offender to one count of Criminal Trespass - record sealed). Jarrod A. Long has not been convicted of any crime. Joshua Friedman and Stefani Rizzi were not parties to the criminal case and are not parties in the ongoing custody case (24CVE0811). However, Joshua Friedman insists on interjecting himself as a party/victim in Hannah Friedman's cases. In fact, on April 21, 2026, Joshua Friedman, on his own accord, initiated communication with Jarrod A. Long's civil attorney in the custody matter to threaten and note the formality to initiate the process for an Abusive Litigation lawsuit if Jarrod A. Long does not comply with his demands to withdraw evidence in the custody case. If there is any abuse of the justice system, it is at the hands of Joshua Friedman. Jarrod A. Long has never initiated or procured any litigation against anyone. *See Exhibit 12.*

## RESPONSES TO PLAINTIFF'S COMPLAINT

Comes now, Respondent, Jarrod A. Long, and for his answers to Plaintiff's Complaint and Request for Jury Trial.

2

1 – 32.

Defendant denies that which is stated in Paragraphs 1-32.

33.

Defendant denies that which is stated in Paragraph 33. Plaintiff Hannah E. Friedman filed Application for Citation of Contempt and Petition for Modification of Visitation against Jarrod A. Long, which the defendant responded.

34.

Defendant denies that which is stated in Paragraph 34.

35.

Paragraph 35 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

36 – 57.

Defendant denies that which is stated in Paragraph 36-57.

58.

Paragraph 58 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

59.

Defendant denies that which is stated in Paragraph 59.

60.

Defendant denies that which is stated in Paragraph 60.

61 – 65.

Defendant denies that which is stated in Paragraph 61-65.

66.

Paragraph 66 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

67 – 69.

Defendant denies that which is stated in Paragraph 67-69.

70.

Paragraph 70 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

71.

Paragraph 71 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

72.

Defendant denies that which is stated in Paragraph 72.

73.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and on that basis denies them.

74.

Paragraph 74 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

75.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and on that basis denies them.

76 – 78.

Defendant denies that which is stated in Paragraph 76-78.

79.

Defendant denies that which is stated in Paragraph 79.

80.

Defendant denies that which is stated in Paragraph 80.

81.

Defendant denies that which is stated in Paragraph 81.

82.

Paragraph 82 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

83.

Paragraph 83 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

84.

Paragraph 84 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

85.

Defendant admits that which is stated in Paragraph 85.

86.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and on that basis denies them.

87.

Defendant admits that which is stated in Paragraph 87.

88.

Paragraph 88 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

6

89.

Paragraph 89 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

90.

Paragraph 90 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

91.

Paragraph 91 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

92.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and on that basis denies them.

93 – 96.

Defendant admits that which is stated in Paragraph 93-96.

97.

Paragraph 97 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

98.

Defendant denies that which is stated in Paragraph 98.

99.

Defendant denies that which is stated in Paragraph 99.

100.

Defendant admits that which is stated in Paragraph 100.

101.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and on that basis denies them.

102.

Defendant denies that which is stated in Paragraph 102.

103.

Defendant denies that which is stated in Paragraph 103.

104.

Defendant denies that which is stated in Paragraph 104.

105 - 112

Paragraphs 105-112state a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied. Defendant's plea in State v. Long, Case No. 25CR0666 (Cherokee County Superior Court), was entered

8

pursuant to the Georgia First Offender Act, O.C.G.A. § 42-8-60 et seq., with no adjudication of guilt. That plea is not a conviction. *See Exhibit 2.*

113.

Defendant denies that which is stated in Paragraph 113. Plaintiff Hannah E. Friedman, in direct text communication with Jarrod A. Long on January 1, 2023, acknowledges the iPad as the minor child's device and states that the minor child is not to use his iPad in his room and is only allowed to use it in public view, as it specifically related to the minor child taking the iPad with him to Defendant's home. *See Exhibit 3.*

114.

Defendant denies that which is stated in Paragraph 114. The minor child requested to bring his iPad to Defendant's home to show Defendant something and Plaintiff Hannah E. Friedman acknowledges visibility to the device and provides instruction to not let the minor use the iPad in private, unattended. *See Exhibit 3.*

115 – 119.

Defendant denies that which is stated in Paragraph 115-119.

120.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and on that basis denies them. Plaintiff's

9

Exhibit 01-3 shows text communication with an unknown recipient, dated May 10, 2024. Defendant Jarrod A. Long has no way to know when the password was provided. It is apparent in these communications that, if true, the Plaintiff Hannah E. Friedman did not provide the correct passcode. This passcode could have been applied or altered after the alleged February 29, 2024 incident.

121.

Defendant denies that which is stated in Paragraph One Hundred and 121.

122.

Defendant denies that which is stated in Paragraph One Hundred and 122.

123.

Paragraph 123 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

124.

Defendant admits that which is stated in Paragraph 124.

125 – 128.

Defendant denies that which is stated in 125-128.

129 – 136.

10

Paragraph 129-136 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

137 – 138.

Paragraph 137-138 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

139.

Defendant denies that which is stated in Paragraph 139.

140.

Defendant denies that which is stated in Paragraph 140.

141.

Defendant denies that which is stated in Paragraph 141.

142 – 144.

Paragraphs 142-144 state a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

145 – 149.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 145-149, and on that basis denies them.

150.

Paragraphs 150 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

151.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 151, and on that basis denies them.

152.

Defendant denies that which is stated in Paragraph 152. Defendant Jarrod A. Long filed a response to Plaintiff Hannah E. Friedman's Contempt Motion regarding the minor child. (Cherokee County Superior Court Case No. 24CVE0811)

153.

Defendant denies that which is stated in Paragraph 153. The emergency response to the Petitioner's Contempt Motion (Cherokee County Superior Court Case No. 24CVE0811) cited evidence-backed statements regarding the physical state of the home, Joshua C Friedman's at-home dismemberment and mutilation of the minor child's household pet by severing its back legs and tail, and other concerns directly related to the minor child's safety and wellbeing.

154 – 156.

Defendant denies that which is stated in Paragraph 154-156.

157 – 159.

12

Defendant admits that which is stated in Paragraph 157-159.

160.

Defendant denies that which is stated in Paragraph 160. Plaintiff and Defendant mutually entered an agreement to increase the Defendant's parenting time while also retaining a Guardian Ad Litem in the Cherokee County Superior Court Case 24CVE0811 to ensure the safety of the minor child at both homes and determine the best primary custodian for the minor child. *See Exhibit 4.*

161.

Defendant denies that which is stated in Paragraph 161. An agreement was entered to ensure monitoring and increased safety for the minor child while the GAL conducted investigations. *See Exhibit 4.*

162 – 164.

Defendant denies that which is stated in Paragraph 162-164.

165.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 165, and on that basis denies them.

166.

Defendant denies that which is stated in Paragraph 166.

13

167.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 167, and on that basis denies them.

168.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 168, and on that basis denies them.

169.

Defendant admits that which is stated in Paragraph One Hundred and Sixty-Six.

170.

Paragraphs 170 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied. Defendant Jarrod A. Long never spoke to or engaged with Plaintiff Hannah E. Friedman or any other member in her presence on or at the April 30, 2024 custody hearing (Cherokee County Superior Court Case No. 24CVE0881).

171.

Defendant denies that which is stated in Paragraph 171. See response to duplicate Paragraph 60.

172.

Defendant denies that which is stated in Paragraph 171. See response to duplicate Paragraph 61.

173.

Defendant denies that which is stated in Paragraph 171. See response to duplicate Paragraph 62.

174 – 176.

Paragraphs 174-176 state a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

177.

Defendant denies that which is stated in Paragraph 177.

178.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 178, and on that basis denies them.

179.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 179, and on that basis denies them.

180.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 180, and on that basis denies them.

181.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 181, and on that basis denies them.

182.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 182, and on that basis denies them.

183.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 183, and on that basis denies them.

184.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 184, and on that basis denies them.

185.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 185, and on that basis denies them.

186.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 186, and on that basis denies them.

187.

Defendant denies that which is stated in Paragraph 187.

188.

Defendant denies that which is stated in Paragraph 188.

189.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 189, and on that basis denies them.

190.

Defendant denies that which is stated in Paragraph 190.

191.

Paragraph 191 states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

192.

Defendant denies that which is stated in Paragraphs 192.

193.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations in Paragraph 193, and on that basis denies them.

194. Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations in Paragraph 193, and on that basis denies them.

195 – 201.

Defendant denies that which is stated in Paragraphs 195-201.

202.

Defendant admits that a hearing did occur on December 2, 2025 in the matter of RULE NISI Special Set by Honorable Judge Davis on the temporary custody of the minor child. At which time, Plaintiff Joshua C. Friedman also filed a Non-Party Motion to Quash regarding a subpoena related to evidentiary support to the countless accusations made by Joshua C. Friedman. Defendant Jarrod A. Long's counsel in the Cherokee County custody matter responded to that motion with extensive detail as to the involvement of Non-Party Joshua C. Friedman in the custody matter. The referenced filing was made in the Cherokee County Superior Court Case 24CVE0811; the filing speaks for itself. Denied as to the remainder. *See Exhibit 5 and Exhibit 6.*

203.

Defendant denies that which is stated in Paragraph 203.

204.

Defendant denies that which is stated in Paragraph 204.

205.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205, and on that basis denies them.

206.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206, and on that basis denies them.

207.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207, and on that basis denies them.

208.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208, and on that basis denies them.

209.

Defendant denies that which is stated in Paragraph 209.

210.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210, and on that basis denies them. Plaintiff Joshua C. Friedman is actively involved in litigation with his first wife (26CVE0068 Cherokee County Superior Court), Melanie Hicks (formerly Friedman), and second wife (2023DC107 DuPage County, IL), Keri Kerns (formerly Friedman), in the matter of custody and child support for his own four minor children, in which a Restraining Order was granted against Joshua C. Friedman in the matter of harassment against Keri Kerns. Additionally, Joshua C. Friedman and Hannah E.

20

Friedman are in litigation filed against their business, Friedman & Associates, and Joshua C. Friedman personally (25CVE1819 Cherokee County Superior Court and 2025V-0494 Fayette County, GA). *See Exhibit 7 and Exhibit 8.*

211.

Paragraph 211 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

212.

Paragraph 212 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

213.

Defendant denies that which is stated in Paragraph 213.

214.

Defendant denies that which is stated in Paragraph 214.

215.

Defendant denies that which is stated in Paragraph 215.

216.

Defendant Jarrod A. Long denies that which is stated in Paragraph 216. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 216, Defendant

21

Jarrod A. Long lacks knowledge or information sufficient to form a belief about, and on that basis denies them.

217.

Defendant denies that which is stated in Paragraph 217.

218.

Paragraph 218 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendant specifically denies that the discovery rule, equitable tolling, fraudulent concealment, or any similar doctrine operates to extend any limitations period. Defendant further denies any conduct constituting fraudulent concealment of any alleged wrong from plaintiffs.

219.

Paragraph 219 purports to re-allege and incorporate by reference the preceding paragraphs and requires no response. To the extent a response is required, Defendant repeats and incorporates by reference his responses to paragraphs 1 through 218 as if fully set forth herein.

220.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220, and on that basis denies them.

221.

Defendant denies that which is stated in Paragraph 221.

222.

Defendant denies that which is stated in Paragraph 222.

223.

Paragraph 222 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

224.

Defendant denies that which is stated in Paragraph 224.

225.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225, and on that basis denies them.

226 – 227.

Defendant denies that which is stated in Paragraphs 226-227.

228.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228, and on that basis denies them.

229.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225, and on that basis denies them. See response to duplicate Paragraph 120.

230 – 231.

Defendant denies that which is stated in Paragraphs 230-231.

232 – 233.

Paragraphs 232 and 233 state a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

234.

Defendant admits that he entered a plea in Cherokee County Case No. 25CR0666; the certified disposition speaks for itself. Denied as to any characterization beyond the face of the certified record.

235.

Paragraphs 235 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

236.

Defendant denies that which is stated in Paragraph 236.

237.

Paragraph 237 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

238.

Defendant denies that which is stated in Paragraph 238.

239.

Defendant denies that which is stated in Paragraph 239.

240.

Paragraph 240 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

241.

Paragraph 241 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

242.

Paragraph 242 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

243.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243, and on that basis denies them.

244.

Defendant denies that which is stated in Paragraph 244.

245.

Paragraph 245 purports to re-allege and incorporate by reference the preceding paragraphs and requires no response. To the extent a response is required, Defendant repeats and incorporates by reference his responses to paragraphs 1 through 244 as if fully set forth herein.

246 – 249.

Defendant denies that which is stated in Paragraphs 246-249.

250.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250, and on that basis denies them.

251 – 260.

Defendant denies that which is stated in Paragraphs 251-260.

261.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261, and on that basis denies them. *See Exhibit 9*.

262 – 265.

Defendant denies that which is stated in Paragraphs 262-265.

266.

Paragraph 266 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

267.

Defendant denies that which is stated in Paragraph 267.

268.

Paragraph 268 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

269.

Defendant denies that which is stated in Paragraph 269.

270.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270, and on that basis denies them.

271.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271, and on that basis denies them.

272.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272, and on that basis denies them.

273 – 277.

Defendant denies that which is stated in Paragraphs 273-277.

278.

Paragraph 278 purports to re-allege and incorporate by reference the preceding paragraphs and requires no response. To the extent a response is required, Defendant repeats and incorporates by reference his responses to paragraphs 1 through 277 as if fully set forth herein.

279.

Paragraph 279 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

280.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 280, and on that basis denies them.

281.

Paragraph 281 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

282.

Paragraph 282 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

283.

Paragraph 283 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

284.

Paragraph 268 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

285.

Defendant denies that which is stated in Paragraph 285.

286.

Defendant denies that which is stated in Paragraph 286.

287.

Defendant denies that which is stated in Paragraph 287.

288.

Defendant denies that which is stated in Paragraph 288.

289.

Paragraph 289 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

290.

Defendant admits that he entered a plea in Cherokee County Case No. 25CR0666; the certified disposition speaks for itself. Denied as to any characterization beyond the face of the certified record. See duplicate Paragraph 234.

291.

Defendant denies that which is stated in Paragraph 291.

292.

Defendant denies that which is stated in Paragraph 292.

293.

Denied as to the allegation in Paragraph 293 that Defendant Jarrod A. Long's conduct was engaged in with a knowing or intentional state of mind. The allegation that Plaintiffs are 'persons aggrieved by the violation within the meaning of 18 U.S.C. § 2707' states a legal conclusion to which no response is required; to the extent a response is required, denied.

294.

Defendant denies that which is stated in Paragraph 294.

30

295.

Defendant denies that which is stated in Paragraph 295.

296.

Paragraph 296 purports to re-allege and incorporate by reference the preceding paragraphs and requires no response. To the extent a response is required, Defendant repeats and incorporates by reference his responses to paragraphs 1 through 295 as if fully set forth herein.

297.

Paragraph 297 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

298.

Paragraph 298 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

299 – 304.

Defendant denies that which is stated in Paragraphs 299-304.

305.

31

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 305, and on that basis denies them.

306.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 306, and on that basis denies them.

307.

Defendant denies that which is stated in Paragraph 307.

308.

Paragraph 308 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

309.

Defendant denies that which is stated in Paragraph 309.

310.

Defendant Jarrod A. Long denies that which is stated in Paragraph 310. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 310, Jarrod A. Long

lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

311.

Defendant denies that which is stated in Paragraph 311.

312.

Defendant denies that which is stated in Paragraph 312.

313.

Paragraph 313 purports to re-allege and incorporate by reference the preceding paragraphs and requires no response. To the extent a response is required, Defendant repeats and incorporates by reference his responses to paragraphs 1 through 312 as if fully set forth herein.

314.

Defendant denies that which is stated in Paragraph 314.

315.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315, and on that basis denies them.

316.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316, and on that basis denies them.

317.

Defendant denies that which is stated in Paragraph 317.

318.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 318, and on that basis denies them.

319.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319, and on that basis denies them.

320.

Paragraph 320 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

321.

Paragraph 321 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

322.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319, and on that basis denies them. See duplicate paragraphs 60, 77, 200. *See Exhibit 10.*

323.

Defendant denies that which is stated in Paragraph 323.

324.

Defendant denies that which is stated in Paragraph 324.

325.

Defendant denies that which is stated in Paragraph 325.

326.

Defendant denies that which is stated in Paragraph 326.

327.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 327, and on that basis denies them.

328.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 328, and on that basis denies them.

329.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 329, and on that basis denies them.

330.

Defendant denies that which is stated in Paragraph 330.

331.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 331, and on that basis denies them.

332.

Defendant denies that which is stated in Paragraph 322.

333.

Defendant denies that which is stated in Paragraph 333.

334.

Defendant denies that which is stated in Paragraph 334.

335.

Defendant denies that which is stated in Paragraph 335.

336.

Defendant denies that which is stated in Paragraph 336.

337.

Defendant denies that which is stated in Paragraph 337.

338.

Defendant denies that which is stated in Paragraph 338.

339.

Defendant denies that which is stated in Paragraph 339.

340.

Defendant denies that which is stated in Paragraph 340.

341.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 341, and on that basis denies them.

342.

Defendant denies that which is stated in Paragraph 342.

343.

Defendant denies that which is stated in Paragraph 343.

344.

Defendant denies that which is stated in Paragraph 344.

345.

Defendant denies that which is stated in Paragraph 345.

346.

Defendant denies that which is stated in Paragraph 346.

347.

Defendant denies that which is stated in Paragraph 347.

348.

Defendant denies that which is stated in Paragraph 348.

349.

Paragraph 349 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

350.

Defendant denies that which is stated in Paragraph 350.

351.

Paragraph 351 purports to re-allege and incorporate by reference the preceding paragraphs and requires no response. To the extent a response is required, Defendant repeats and incorporates by reference his responses to paragraphs 1 through 350 as if fully set forth herein.

352.

Paragraph 352 states a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

353.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 353, and on that basis denies them.

354.

Defendant Jarrod A. Long denies that which is stated in Paragraph 354. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 354, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

355.

Defendant denies that which is stated in Paragraph 355.

356.

Defendant Jarrod A. Long denies that which is stated in Paragraph 356. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 356, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

357.

Defendant Jarrod A. Long denies that which is stated in Paragraph 357. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 357, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

358.

Defendant Jarrod A. Long denies thatwhich is stated in Paragraph 358. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 358, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

359.

Defendant Jarrod A. Long denies that which is stated in Paragraph 359.

360.

Defendant Jarrod A. Long denies that which is stated in Paragraph 360. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 360, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

361.

Defendant Jarrod A. Long denies that which is stated in Paragraph 361. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 361, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

362.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 362, and on that basis denies them.

363.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 363, and on that basis denies them.

364.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 364, and on that basis denies them.

365.

Defendant Jarrod A. Long denies that which is stated in Paragraph 365. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 365, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

366.

Defendant Jarrod A. Long denies that which is stated in Paragraph 366. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 366, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

367.

Defendant Jarrod A. Long denies that which is stated in Paragraph 367. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 367, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them.

368.

42

Defendant Jarrod A. Long denies that which is stated in Paragraph 368. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 368, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them

369.

Defendant Jarrod A. Long denies that which is stated in Paragraph 369. As to the allegations directed to co-defendant Stefani Rizzi in Paragraph 369, Jarrod A. Long lacks knowledge or information sufficient to form a belief about them, and on that basis denies them.

370.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi in Paragraph 370, and on that basis denies them.

371.

Defendant Jarrod A. Long denies that which is stated in Paragraph 371.

372.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 372, and on that basis denies them.

373.

Defendant Jarrod A. Long denies that which is stated in Paragraph 373.

374.

Defendant Jarrod A. Long denies that which is stated in Paragraph 374.

375.

Defendant Jarrod A. Long denies that which is stated in Paragraph 375.

376.

Defendant Jarrod A. Long denies that which is stated in Paragraph 376.

377.

Defendant Jarrod A. Long denies that which is stated in Paragraph 377.

378.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 378, and on that basis denies them.

379.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 379, and on that basis denies them.

380.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 380, and on that basis denies them.

381.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 381, and on that basis denies them.

382.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 382, and on that basis denies them.

383.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 383, and on that basis denies them.

384.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 384, and on that basis denies them.

385.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 385, and on that basis denies them.

386.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 386, and on that basis denies them.

387.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 387, and on that basis denies them.

388.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 388, and on that basis denies them.

389.

Defendant Jarrod A. Long denies that which is stated in Paragraph 389.

390.

Defendant Jarrod A. Long denies that which is stated in Paragraph 390.

391.

Defendant Jarrod A. Long denies that which is stated in Paragraph 391.

392.

Defendant Jarrod A. Long denies that which is stated in Paragraph 392.

393.

Defendant Jarrod A. Long denies that which is stated in Paragraph 393.

46

394.

Defendant Jarrod A. Long denies that which is stated in Paragraph 394.

395.

Defendant Jarrod A. Long denies that which is stated in Paragraph 395.

396.

Defendant Jarrod A. Long denies that which is stated in Paragraph 396.

397.

Defendant Jarrod A. Long denies that which is stated in Paragraph 397.

398.

Defendant Jarrod A. Long denies that which is stated in Paragraph 398.

399.

Defendant Jarrod A. Long denies that which is stated in Paragraph 399.

400.

Defendant Jarrod A. Long denies that which is stated in Paragraph 400.

401.

Defendant Jarrod A. Long denies that which is stated in Paragraph 401.

402.

Defendant Jarrod A. Long denies that which is stated in Paragraph 402.

403.

Defendant Jarrod A. Long denies that which is stated in Paragraph 403.

404.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

405.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

406.

The referenced communication speaks for itself. Defendant denies any characterization beyond the face of the document and, to the extent the paragraph purports to attribute meaning, intent, or legal significance to the communication, denied.

407.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

408.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

409.

The referenced communication speaks for itself. Defendant denies any characterization beyond the face of the document and, to the extent the paragraph purports to attribute meaning, intent, or legal significance to the communication, denied.

410.

The referenced communication speaks for itself. Defendant denies any characterization beyond the face of the document and, to the extent the paragraph purports to attribute meaning, intent, or legal significance to the communication, denied.

411.

The referenced communication speaks for itself. Defendant denies any characterization beyond the face of the document and, to the extent the paragraph purports to attribute meaning, intent, or legal significance to the communication, denied.

412.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

413.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

414.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

415.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

416.

Defendant Jarrod A. Long lacks knowledge or information sufficient to form a belief about allegations directed to co-defendant Stefani Rizzi and on that basis denies them. Denied as to any allegation regarding Defendant Long.

417.

Defendant Jarrod A. Long denies that which is stated in Paragraph 417.

418.

Admitted that the referenced filing was made in the Cherokee County matter; the filing speaks for itself. Denied as to the remainder, including any characterization beyond the face of the record.

419.

Defendant Jarrod A. Long denies that which is stated in Paragraph 419.

420.

Defendant Jarrod A. Long denies that which is stated in Paragraph 420.

421.

Defendant Jarrod A. Long denies that which is stated in Paragraph 421.

422.

Admitted that Defendant entered a plea in Cherokee County Case No. 25CR0666; the certified disposition speaks for itself. Denied as to any characterization beyond the face of the certified record.

423.

Admitted that the referenced filing was made in the Cherokee County matter; the filing speaks for itself. Denied as to the remainder, including any characterization beyond the face of the record.

424.

Defendant Jarrod A. Long denies that which is stated in Paragraph 424.

425.

Defendant Jarrod A. Long denies that which is stated in Paragraph 425.

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint not specifically admitted above. Defendant further denies that plaintiffs are entitled to the relief requested or to any relief against him.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that otherwise rests on plaintiffs, defendant asserts the following defenses:

### FIRST DEFENSE — FAILURE TO STATE A CLAIM

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, including without limitation Counts III and IV. The conduct alleged, even if assumed true for purposes of testing the pleading, does not give rise to liability under the *Stored Communications Act, 18 U.S.C. § 2701*, because the personal device referenced in the Complaint is not a "facility through which an electronic communication service is provided" within the meaning of the statute, and the data stored on that device is not in "electronic storage" as defined in 18 U.S.C. § 2510(17). See *Garcia v. City of Laredo, 702 F.3d 788 (5th Cir. 2012)*. Nor does the conduct alleged constitute an "interception" of an electronic communication within the meaning of the *Federal Wiretap Act, 18 U.S.C. § 2511*, because that statute requires contemporaneous acquisition of a communication in transit, not acquisition of data already in storage. See *United States v. Steiger, 318 F.3d 1039, 1048–49 (11th Cir. 2003)*. Plaintiffs' invasion-of-privacy claim likewise fails because the allegations do not satisfy the elements of any of the four recognized categories of the tort under Georgia law: intrusion upon seclusion, appropriation of name or likeness, public disclosure of private facts, or false light.

53

See *Cabaniss v. Hipsley, 114 Ga. App. 367, 370 (1966); Yarbray v. Southern Bell Tel. & Tel. Co., 261 Ga. 703 (1991); see also Pavesich v. New England Life Ins. Co., 122 Ga. 190 (1905).*

## SECOND DEFENSE — STATUTES OF LIMITATIONS

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to the two-year statutes applicable to claims under 18 U.S.C. §§ 2520 and 2707 and to Georgia tort claims.

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations. The conduct alleged in the Complaint is alleged to have occurred on February 29, 2024. Plaintiffs were demonstrably aware of the conduct they complain of by no later than April 30, 2024, as reflected in their own contemporaneous report to law enforcement and in Plaintiffs own pleading (¶¶ 83, 92-96, 105-112, 113-122, 123-128, 129-135, 136-143, 176, 189, 222-232, 234-240, 246, 257-259, 279-291, 297-301, 308, 314-316, 355, 406). Plaintiffs did not file this action until March 31, 2026. Counts II, V, and VI (Georgia invasion of privacy, IIED, and joint tortfeasor) are barred by O.C.G.A. § 9-3-33's two-year limitations period, which runs from the date of injury. Counts III and IV are, at minimum, subject to a defense of partial limitations bar to the extent plaintiffs' knowledge predates March 31, 2024. The "discovery rule," "equitable tolling," and "fraudulent concealment" doctrines invoked in paragraph 218 of the Complaint do not apply:

54

plaintiffs' own April 30, 2024 report to law enforcement forecloses any claim that the alleged conduct was concealed from them or that they lacked a reasonable opportunity to discover it. *See Exhibit 11*.

### THIRD DEFENSE — CONSENT

To the extent any communications or images referenced in the Complaint were voluntarily shared, transmitted, or made accessible to the defendant during any prior relationship or otherwise, plaintiffs' claims are barred or limited by consent and by the absence of any reasonable expectation of privacy. Plaintiff Hannah E. Friedman expressly communicated that the minor child was not to use his iPad unsupervised or in any room without the supervision of an adult, specific to use at the defendant Jarrod A. Long's residence as shown in Exhibit 3.

### FOURTH DEFENSE — STATUTORY EXEMPTION

Any disclosure to which plaintiffs object falls within the exemptions set forth at 15 U.S.C. § 6851(b)(4), including disclosures made in the course of lawful law enforcement, criminal proceedings, or legal proceedings, or disclosures reasonably intended to assist the identified individual. Any information pertaining to the alleged incident was provided solely to defendant Jarrod A. Long's civil attorney in the custody matter. This is a private and privileged communication with

55

legal counsel in the ongoing civil action in Cherokee County (24CVE0811) which does not constitute a third party.

### FIFTH DEFENSE — FIRST OFFENDER ACT

Defendant's plea in State v. Long, Case No. 25CR0666 (Cherokee County Superior Court), was entered pursuant to the Georgia First Offender Act, O.C.G.A. § 42-8-60 et seq., with no adjudication of guilt. That plea is not a conviction.

### SIXTH DEFENSE — FAILURE TO MITIGATE

Plaintiffs have failed to take reasonable steps to mitigate any damages allegedly sustained.

### SEVENTH DEFENSE — UNCLEAN HANDS

Plaintiffs' claims are barred, in whole or in part, by their own inequitable conduct and the doctrine of unclean hands, including conduct in related state-court proceedings.

### EIGHTH DEFENSE — LITIGATION PRIVILEGE

Any statement or disclosure made in connection with actual or contemplated judicial proceedings — including the Cherokee County criminal matter and any related family-law proceedings — is privileged. Any information involving the February 29, 2024 alleged incident was provided by defendant Jarrod A. Long

solely to his civil attorney. The defendant Jarrod A. Long was acting on behalf of the well-being of the minor child.

## NINTH DEFENSE — FIRST AMENDMENT / MATTER OF PUBLIC CONCERN

To the extent applicable, the First Amendment to the United States Constitution and 15 U.S.C. § 6851(b)(4) protect disclosures on matters of public concern and disclosures made in connection with legal proceedings. Any information involving the February 29, 2024 alleged incident was provided by defendant Jarrod A. Long solely to his civil attorney. The defendant Jarrod A. Long was acting on behalf of the well-being of the minor child.

## TENTH DEFENSE — NO WILLFUL OR MALICIOUS CONDUCT

Plaintiffs' request for punitive damages fails because defendant's conduct did not rise to the level of willful misconduct, malice, fraud, wantonness, oppression, or specific intent to cause harm required under O.C.G.A. § 51-12-5.1. Any information involving the February 29, 2024 alleged incident was provided by defendant Jarrod A. Long solely to his civil attorney. The defendant Jarrod A. Long was acting on behalf of the well-being of the minor child.

## ELEVENTH DEFENSE — FACTUAL MISSTATEMENT AS TO CO-DEFENDANT'S RESIDENCE

57

To the extent the Complaint alleges or implies that co-defendant Stefani Rizzi resides with defendant, shares a household with defendant, or shares an address with defendant, those allegations are denied. Ms. Rizzi owns and maintains her own separate home at a separate address. Plaintiffs have long been aware of this fact. Jarrod A. Long and Ms. Rizzi have never resided together.

### TWELFTH DEFENSE — PRESERVATION

Defendant reserves the right to amend, supplement, or modify this Answer, including the affirmative defenses, upon further investigation and discovery.

### PRAYER FOR RELIEF

WHEREFORE, defendant Jarrod A. Long respectfully requests that the Court:

- Dismiss the Complaint in its entirety with prejudice;

- Enter judgment in favor of defendant on each count;

- Award defendant his costs of suit, including attorneys' fees to the extent authorized by statute or rule; and

- Grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b).

Respectfully submitted this _23_ day of _April_, 2026.

**JARROD A. LONG**
Defendant, Pro Se
304 Stockton Ct
Woodstock, GA 30189
jarrodalong@gmail.com