FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 23 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT
COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA
ATLANTA DIVISION

JOSHUA FRIEDMAN and
HANNAH FRIEDMAN,
          Plaintiffs,

v.

JARROD A. LONG and
STEFANI RIZZI,
          Defendants.

Civil Action No.
**1:26-CV-01727-SEG**
JURY TRIAL DEMANDED

**DEFENDANT STEFANI RIZZI'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5), OR, IN THE ALTERNATIVE, TO DISMISS COUNT VI FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6), WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Stefani Rizzi, appearing pro se and expressly without waiver of any defense, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(5) for an order dismissing Count VI of the Complaint for insufficient service of process, or in the alternative pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In support, the Defendant submits the following memorandum of law.

1

## I.  INTRODUCTION

This is a civil action arising out of alleged conduct by Co-Defendant Jarrod A. Long on February 29, 2024. Count VI, the only count pled against Stefani Rizzi, attempts to extend liability to her on a joint-tortfeasor theory under O.C.G.A. § 51-12-30. The count fails at the threshold for two independent reasons.

First, Plaintiffs have not served Ms. Rizzi. She has received only an informal notice of complaint via phone call from Jarrod A. Long while she was out of town. Formal service under Rule 4 has not been effected. Pursuant to Rule 12(b)(5) and Rule 4(m), Count VI is subject to dismissal on that ground alone.

Second, and in the alternative, even if service were deemed proper, Count VI fails to state a claim. The complaint nowhere alleges any conduct by Ms. Rizzi preceding or contemporaneous with the alleged February 29, 2024 incident. It alleges, at most, a romantic relationship with Mr. Long. Ms. Rizzi does not share a household with Mr. Long; she owns and maintains her own separate home, a fact well known to Plaintiffs. Those allegations, assumed true, do not state a claim for concerted-action or procurement liability under Georgia law.

## II.  FACTUAL BACKGROUND

### A.  The Underlying Events.

2

Plaintiffs allege that on or about February 29, 2024, an event occurred involving an iPad used by Jarrod A. Long and Hannah Friedman's minor child and certain communications between Hannah Friedman and Joshua Friedman. (Complaint ¶¶ 20, 52, 105–106, 113, 115–116.) Plaintiffs further allege that portions of the referenced material were later at issue in connection with the April 30, 2024 hearing in Cherokee County Superior Court Case No. 24CVE0811 and in subsequent discovery responses in that custody proceeding. (Complaint ¶¶ 37, 88, 157–169, 250.) Ms. Rizzi recites these allegations only as Plaintiffs have pleaded them and solely for purposes of this motion; she does not concede any of them. The Complaint directs each of those allegations at co-Defendant Jarrod A. Long, and pleads no fact placing Ms. Rizzi at, or in any involvement with, either the alleged February 29, 2024 event or the alleged subsequent disclosure.

**B. Ms. Rizzi's Role — As Alleged.**

The Complaint's allegations concerning Ms. Rizzi are confined to the period after the alleged February 29, 2024 incident. (Complaint ¶¶ 159, 178–183, 186, 189, 305–306, 308, 327–329, 331, 353–370, 404, 406, 413.) Plaintiffs do not allege that Ms. Rizzi: (a) knew of or encouraged any part of the alleged incident; (b) was present when the alleged incident occurred; (c) procured, aided, or abetted the alleged incident; or (d) directed any disclosure of the material associated with the alleged incident. Instead, they allege only that Ms. Rizzi was in a relationship with

3

Mr. Long and had private communications with Mr. Long after the date of the incident (Complaint ¶¶ 159, 178, 179, 180, 182, 183, 328, 357, 358, 360.) To the extent the complaint suggests or implies that Ms. Rizzi resides with Mr. Long, that suggestion is factually incorrect. Ms. Rizzi owns and maintains her own separate home at a separate address, a fact Plaintiffs have long known.

## C. Status of Service on Ms. Rizzi.

Plaintiffs filed the complaint on March 31, 2026. On or about April 2, 2026, Ms. Rizzi received a telephone call from Mr. Long to inform her that he had been served with a federal complaint that had been filed naming her as a co-Defendant. At the time of that call, Ms. Rizzi was traveling out of state. A telephone call from a co-Defendant is not service of process and does not satisfy Rule 4(e). Since that informal notice, no process server has appeared at Ms. Rizzi's residence at 3335 Owl Creek Pkwy, Acworth, GA 30102; no summons has been delivered to her in person or left with a co-resident of suitable age and discretion; no authorized agent has accepted service on her behalf; and no Rule 4(d) notice-and-request-to-waive packet has been mailed, emailed, or otherwise transmitted to her. Fed. R. Civ. P. 4(e), 4(d). Plaintiffs' docket contains no executed return of service as to Ms. Rizzi. Fed. R. Civ. P. 4(l)(1).

## III. LEGAL STANDARD

4

## A.  Rule 12(b)(5) — Insufficient Service of Process.

A motion under Rule 12(b)(5) challenges the mode of delivery or the lack of delivery of the summons and complaint. Fed. R. Civ. P. 12(b)(5); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). When service is challenged, the Plaintiff bears the burden of establishing its validity. *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Rule 4(m) requires service within 90 days of filing, absent good cause shown.

## B.  Rule 12(b)(6) — Failure to State a Claim.

To survive a Rule 12(b)(6) motion, a complaint must state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Eleventh Circuit has repeatedly condemned "shotgun pleadings" that incorporate all preceding allegations into each successive count, making it impossible for a Defendant or the court to identify which allegations support which

5

claim. *Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015).*

## IV. ARGUMENT

### A.  Count VI Should Be Dismissed Under Rule 12(b)(5) Because Ms. Rizzi Has Not Been Served.

Rule 4(e) prescribes the exclusive means of serving an individual within a judicial district of the United States. None of those means has been employed here. Informal notice via phone call is not one of the enumerated methods and does not satisfy Rule 4. See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999)* ("An individual ... is not obliged to engage in litigation unless notified of the action ... by the procedure set forth in the Federal Rules.").

Ms. Rizzi recognizes that the Court has discretion under Rule 4(m) to extend the time for service. She does not oppose the Court directing Plaintiffs to effect proper service within a specified period and, for efficiency, does not oppose a concurrent order treating the present motion as filed upon proper service being effected. She raises the Rule 12(b)(5) defense here expressly to preserve it from waiver under Rule 12(h)(1) and to make plain that Plaintiffs have not complied with Rule 4.

### B.  In the Alternative, Count VI Fails to State a Claim Under Rule 12(b)(6).

6

### 1.  Count VI Does Not Allege Conduct by Ms. Rizzi Before the Alleged Underlying Tort.

Georgia's joint-tortfeasor statute makes a person liable only where that person has "procured, aided, or abetted the commission of a tort." O.C.G.A. § 51-12-30. The procurement or aid must precede or accompany the underlying act. A party cannot be a joint tortfeasor to a tort that was already completed before she entered the picture. *Gordon v. Frost, 193 Ga. App. 517, 521 (1989).*

The Complaint anchors the underlying conduct on February 29, 2024. (Complaint ¶¶ 52, 105–106, 115–116.) It pleads no fact putting Ms. Rizzi in any knowing relationship with Mr. Long, or with the iPad or its backup file, on or before that date. That silence is dispositive.

By contrast, the Complaint pleads no fact and no date placing Ms. Rizzi in any involvement with Mr. Long's alleged conduct on or before February 29, 2024. The earliest date-specific allegation about Ms. Rizzi appears at 159, which places her at the Cherokee County courthouse on April 30, 2024 — two months after the alleged underlying event. Every other Rizzi-named conduct allegation (¶¶ 178–183, 186, 189, 305–306, 308, 327–329, 331, 353–370, 404, 406, 413) likewise concerns post-event discussion or documentation, not pre-event participation.

### 2.  A Post-Hoc Romantic Relationship Is Not Concerted Action.

7

The only allegations Plaintiffs make about Ms. Rizzi concern post-hoc conduct — namely, that she subsequently had a relationship with Mr. Long. A romantic relationship, standing alone, does not establish concerted action or procurement. Even cohabitation would not suffice — and here Ms. Rizzi does not even share a household with Mr. Long; she owns her own home. See *Cox v. City of Atlanta*, 266 Ga. App. 329 (2004); Restatement (Second) of Torts § 876 (concerted-action liability requires acting in concert with the wrongdoer at the time of the wrong). Nothing in O.C.G.A. § 51-12-30 imposes vicarious liability by association.

### 3.  Count VI Is Entirely Derivative and Falls With the Predicate Claims Against Ms. Rizzi.

Count VI pleads no independent tort against Ms. Rizzi; it piggybacks on Counts I–V. Yet Counts I–V are pleaded only against Mr. Long. A party cannot be derivatively or secondarily liable under O.C.G.A. § 51-12-30 — or on any concert-of-action, aider-and-abettor, or civil-conspiracy theory — without a viable predicate tort pleaded against her. See *Mustaqeem-Graydon v. SunTrust Bank, 258 Ga. App. 200, 207 (2002)* ("Without an underlying tort, there can be no liability for civil conspiracy."). Because no predicate claim has been pled against Ms. Rizzi, Count VI collapses.

### 4.  Count VI Is a Shotgun Pleading.

8

Count VI incorporates by reference every preceding paragraph of the 432-paragraph Complaint. (Complaint 351.) This is the sixth successive incorporation paragraph in the Complaint (the prior incorporations appear at ¶¶ 219, 245, 278, 296, 313.) That is the archetypal shotgun pleading condemned in *Weiland,* 792 F.3d at 1321, which the Eleventh Circuit has said the district court should not tolerate. Ms. Rizzi cannot meaningfully respond to a count that absorbs everything that came before it. Dismissal or, at minimum, a repleader is warranted.

## V. CONCLUSION

For the foregoing reasons, Defendant Stefani Rizzi respectfully requests that the Court dismiss Count VI of the Complaint with prejudice, or, in the alternative, (i) dismiss Count VI without prejudice under Rule 12(b)(5) pending proper service and repleader, or (ii) require Plaintiffs to file a more definite statement under Rule 12(e) identifying the specific conduct by Ms. Rizzi that they contend satisfies each element of O.C.G.A. § 51-12-30.

Respectfully submitted this 23 day of ____APRIL____, 2026.

_____

**STEFANI RIZZI**
Defendant, Pro Se
3335 Owl Creek Pkwy
Acworth, GA 30102
serizzi@me.com

9